IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREN CARLISLE,<br> *Plaintiff*, | : <br> : <br> : | |
| v. | : | CIVIL ACTION NO. 25-CV-1293 |
| NOVACARE REHABILITATION SERVICES,<br> *Defendant*. | : <br> : <br> : <br> : | |

### MEMORANDUM

**Pappert, J.**                               May 15, 2025

  Pro se plaintiff Karen Carlisle filed this lawsuit against NovaCare Rehabilitation Services ("NovaCare"), alleging a violation of her consumer-protection rights. She seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Carlisle leave to proceed *in forma pauperis* and dismiss her Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I[1]

  The facts alleged in the Complaint are sparse. Carlisle claims that in May of 2024, NovaCare "failed to protect [her] personal information by allowing a third-party of a collection agency to call [her] with regards to fines." (Compl. at 4.) She states that she "never signed an opt[]-out notice to allow such a thing." (*Id.*) She claims to "have a mental injury from this occurrence," and appears to claim that she has been denied credit. (*Id.* at 5.) She seeks damages.

---

[1] The facts set forth in this Memorandum are taken from Carlisle's Complaint (ECF No. 1). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

II

The Court will grant Carlisle leave to proceed *in forma pauperis* because it appears that she does not have the ability to pay the fees to commence this case. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim to relief, an inquiry governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the Plaintiff's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Carlisle is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Id.*

III

A

Carlisle seeks damages for alleged violations of her constitutional rights. (Compl. at 3.) The vehicle by which federal constitutional claims may be brought in

federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law—i.e., whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

  NovaCare is a private company, and since nothing in the Complaint suggests any basis for state action here, § 1983 is inapplicable. *See, e.g.*, *Sescey v. Walmart, Onn Unit*, No. 21-3355, 2021 WL 5416188, at *2 (E.D. Pa. Nov. 19, 2021) ("Based on the Complaint's allegations, Walmart and Onn Unit are not subject to Section 1983 liability because they are a private discount retailer and its in-house electronics brand and are not state actors."); *Shepherd v. Wal-Mart Super Ctr.*, No. 10-082, 2010 WL 985387, at *1 (N.D. Ind. Mar. 15, 2010) ("A private store and its employees are not state actors and

3

thus cannot be sued for federal constitutional violations.").

B

Liberally construing Carlisle's Complaint, the Court has considered whether she may be attempting to assert a claim under the Fair Credit Reporting Act. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner." *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010)); *see also Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). In the language of the FCRA, credit reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

"[U]nder the FCRA, 15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information." *Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) (internal quotations omitted). To state a plausible claim under that provision of the FCRA against a furnisher of credit information, Carlisle must allege that she "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6

(E.D. Pa. June 24, 2016), *aff'd sub nom. Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87 (3d Cir. 2017); *see also* 15 U.S.C. § 1681s-2(b). "[T]here must be some threshold showing of inaccuracy to make a claim against a furnisher." *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 302 (E.D. Pa. 2021). Where a plaintiff fails to allege that the defendant communicated inaccurate information to a credit reporting agency, what that information was, that she disputed the information with the credit reporting agency, and that the furnisher failed to reasonably investigate the dispute after having been notified by the credit reporting agency, she has failed to state a plausible violation of the statute. *See Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019) (plaintiff failed to state a FCRA claim when she "ha[d] not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information").

Carlisle's Complaint addresses none of the elements of an FCRA claim. She does not assert that NovaCare is a "furnisher" under the FCRA, that NovaCare transmitted inaccurate information about her accounts, that she reported the inaccuracy, that NovaCare was notified of her dispute, or that NovaCare failed to investigate. Her claim is based entirely on the assertion that she "never signed an opt-[]out notice to allow" NovaCare to send her bill to collections. (Compl. at 4.) That is insufficient to state a claim.

"The FCRA simply does not have a consumer 'opt out' provision." *Frazier v. Transunion*, No. 23-3637, 2023 WL 6323088, at *4 (E.D. Pa. Sept. 28, 2023). Although

5

the FCRA protects consumers' privacy rights by dictating how furnishers must report information to consumer reporting agencies if they do so, *see* 15 U.S.C. § 1681s-2, it does not require furnishers of information to obtain consent from the consumer prior to sharing information with credit reporting agencies about the consumer's accounts. Providing information about "fines" to an unspecified "collection agency" without allowing her to opt-out is the only basis for Carlisle's claim. Accordingly, any FCRA claim fails because it is predicated upon a fundamental misunderstanding of her rights. *See Frazier*, 2023 WL 6323088, at *4 (finding plaintiff failed to allege an FCRA claim where he contended that furnisher and credit reporting agency "violated his rights because they have publicized private information without his consent" and that this "delinquent account information [should be] excluded from his credit file and/or consumer report based on his purported election to 'opt out' of the inclusion of this information").

IV

For the foregoing reasons, the Court will grant Carlisle's Motion to Proceed *In Forma Pauperis* and dismiss her Complaint. Carlisle will be allowed to file an amended complaint, in the event she can provide more facts to support a plausible claim. An appropriate Order follows, which provides further information about amendment.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**Gerald J. Pappert, J.**

6