IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN CARLISLE, : | |
|     *Plaintiff*, : | |
| : | |
| v. : | CIVIL ACTION NO. 25-CV-1293 |
| : | |
| NOVACARE REHABILITATION : | |
| SERVICES, : | |
|     *Defendant*. : | |

## MEMORANDUM

**Pappert, J.**                                                                                     **July 14, 2025**

      *Pro se* Plaintiff Karen Carlisle filed an amended complaint (ECF No. 8) seeking relief against NovaCare Rehabilitation Services pursuant to 42 U.S.C. § 1983 and Title III of the Americans with Disabilities Act. The Court granted Carlisle leave to proceed *in forma pauperis* and dismissed her initial Complaint in a prior Memorandum and Order. (ECF Nos. 6, 7.) For the following reasons, the Court will dismiss the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I[1]

      Carlisle states that she paid NovaCare "what was owed of $61.56," but that she "kept being billed and threatened to pay the remaining balance by stopping services because of [a] balance that [she] already paid off." (Am. Compl. at 4.) She appears to clarify that she paid NovaCare a balance of $61.56 in September 2024, and "the date of the threats to pay more money" was October 31, 2024. (*Id.*) Carlisle states that her "leg ha[s] gotten worse[] by not receiving therapy and other accommodations under the

---

[1] The facts set forth in this Memorandum are taken from the Amended Complaint (ECF No. 8). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

ADA," and seeks $20 million. (*Id.* at 5.)

## II

The Court granted Carlisle leave to proceed *in forma pauperis* in a prior order. (ECF No. 7.) Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim to relief, an inquiry governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). At the screening stage, the Court will accept the facts alleged in the *pro se* Amended Complaint as true, draw all reasonable inferences in the Plaintiff's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Carlisle is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Id.*

## III

In the Court's prior Memorandum, Carlisle's constitutional claims were dismissed because NovaCare is not a state actor. (*See* ECF No. 6 at 2-4 (citing, *inter*

*alia*, *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009); *Sescey v. Walmart, Onn Unit*, No. 21-3355, 2021 WL 5416188, at *2 (E.D. Pa. Nov. 19, 2021).)  Carlisle again attempts to assert constitutional claims against NovaCare in the Amended Complaint, and they will be dismissed with prejudice on the same basis.

Carlisle attempts to recover damages claims under Title III of the ADA, which prohibits places of public accommodation from discriminating against individuals with disabilities in connection with goods, services, facilities, privileges, advantages or accommodations.  42 U.S.C. § 12182(a).  As the Court explained to Carlisle in a prior case, *see Carlisle v. Total Liquidators*, E.D. Pa. No. 25-0696, Dkt. No. 12 at 4-5, only injunctive relief is available to a private plaintiff suing under Title III of the ADA.  42 U.S.C. § 12188(a); *Bowers v. Nat'l Collegiate Athletic Ass'n*, 346 F.3d 402, 433 (3d Cir. 2003) ("Title III defendants cannot be liable for money damages."); *see also Abadi v. Target Corp.*, No. 23-1050, 2023 WL 4045373, at *2 (3d Cir. June 16, 2023) ("Title III of the ADA, which prohibits discrimination on the basis of disability in public accommodations, only provides for injunctive relief." (citation omitted)).

## IV

For the foregoing reasons, the Court dismiss Carlisle's Complaint with prejudice and amendment would be futile.  *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").  An order follows.

BY THE COURT:


*/s/ Gerald J. Pappert*
**Gerald J. Pappert, J.**